**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TIMOTHY HEADRICK, #B-87996;**<br>**KENDALL BREWER, #S-14346;**<br>**SHANE JONES, #S-12829;**<br>**and ANDRE COWANS, #M-06116,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**S.A. GODINEZ, ALLEN E. MARTIN,**<br>**SGT. CAMPBELL, SGT. JOHNSON,**<br>**OFFICER REED, and**<br>**CHAPLAIN M. WILLIAMS,**<br><br>**Defendants.** | **)** | **CASE NO. 13-cv-919-GPM** |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court for case management. The four *pro se* Plaintiffs filed the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated their civil rights. At the time this action was filed, all of the Plaintiffs were inmates of the Illinois Department of Corrections ("IDOC"), confined at Shawnee Correctional Center ("Shawnee"). However, on September 24, 2013, Plaintiff Headrick notified this Court that he had been transferred to Pontiac Correctional Center ("Pontiac").

Plaintiffs Headrick, Cowans, and Jones have filed their motions to proceed in forma pauperis ("IFP") (Docs. 2 & 12). Plaintiffs Brewer has been notified to either pay their $400 filing fee or file a motion to proceed IFP by October 9, 2013. Plaintiff Headrick has also filed a motion for a court order allowing the Plaintiffs to correspond with each other through IDOC mail

(Doc. 10). Before the Court addresses any of the pending motions, however, it is necessary to deal with some preliminary matters related to the joint filing of this case by multiple Plaintiffs.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners ***if*** the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing party pursuant to Federal Rule of Civil Procedure 5. This means that if there are five plaintiffs, the plaintiffs' postage and copying

costs of filing motions, briefs or other papers in the case will be five times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers Plaintiffs Brewer, Jones, and Cowans (the non-lead Plaintiffs) an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[1] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

**IT IS HEREBY ORDERED** that Plaintiffs **BREWER, JONES**, and **COWANS** shall each have 21 days from the date of entry of this order **(on or before October 24, 2013)** in which to advise the Court whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, any Plaintiff advises the Court that he does ***not*** wish to participate in the action, he will be dismissed from the lawsuit and will not be charged a filing fee for this action. Alternatively, if any of the above Plaintiffs wants to pursue his claims individually in a separate lawsuit, he

[1] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a).

shall so advise the Court, and his claims shall be severed into a new action where a filing fee will be assessed and his motion to proceed IFP (if one has been filed) shall be considered.

**IT IS FURTHER ORDERED** that any Plaintiff who does not respond to this order within 21 days will be considered a Plaintiff in this action. At that time, the Court will proceed as described above, and each Plaintiff still a party to this action shall be held accountable for all consequences explained above.

The Clerk is **DIRECTED** to send a copy of this order to each of the named Plaintiffs.

Plaintiffs are **ADVISED** that the complaint is currently awaiting preliminary merit review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. This review shall not be conducted until after the 21-day deadline for the non-lead Plaintiffs to respond to this Order. When § 1915A review is complete, a copy of the Court's merit review order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** October 3, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge