IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE JONES and ANDRE COWANS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALLEN E. MARTIN, SGT. CAMPBELL, and )<br>SGT. JOHNSON, )<br>)<br>Defendants. ) | Case No. 3:13-cv-919-NJR-DGW |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Martin, Campbell, and Johnson (Doc. 46) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiffs, Shane Jones and Andre Cowans, brought this suit alleging that their constitutional rights were violated while housed at Shawnee Correctional Center ("Shawnee"). Generally, Plaintiffs allege they were subjected to unconstitutional conditions of confinement while housed at Shawnee. After an initial screening pursuant to 28 U.S.C. § 1915A, Plaintiffs were allowed to proceed on the following counts:

>**Count 1:** Eighth Amendment claim against Defendant Campbell for subjecting Plaintiffs to excessively hot conditions in their segregation cells, which had no cold water and a broken window;
>
>**Count 2:** Eighth Amendment claim against Defendant Johnson for denying Plaintiffs access to water during extremely hot conditions on the recreation yard, and for subjecting them to excessively hot conditions in their segregation cells while refusing to provide them with ice; and
>
>**Count 3:** With respect to Plaintiff Jones, an Eighth Amendment claim against Defendant Johnson for denying Plaintiff access to toilet facilities on August 31, 2013.

On August 22, 2014 Defendants Forest Campbell, Jerry Johnson, and Allan Martin filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 46). Based on the affidavits of Leslie McCarty and Sherry Benton, chairpersons of the Administrative Review Board ("ARB"), Defendants claim that the ARB did not receive any grievances or appeals from either Plaintiff Jones or Plaintiff Cowans regarding any issue as of June 18, 2014. Further, Defendants rely on Plaintiff Jones' interrogatory response that states, with respect to the grievances he filed, "[a]s a class actions claim I did not file any grievance(s) at this point of time the plaintiff who filed the grievance(s) was plaintiff Headricks who is no longer on this class action any more" (Doc. 47-3). As this lawsuit is not, and never has been, certified as a class action lawsuit, Defendants argue that Plaintiff Jones cannot rely on another individual to exhaust his administrative remedies.

In conjunction with the filing of their Motion, Defendants filed a Rule 56 Notice, informing Plaintiffs of the perils of failing to respond to their Motion for Summary Judgment within the proper timeframe (Doc. 48). Plaintiffs' response to Defendants' Motion was initially due on September 25, 2014. However, due to Plaintiffs' failure to submit any response, the Court extended the deadline, sua sponte, to December 1, 2014 (Doc. 49). In the Court's Order

extending the response deadline, the Court informed Plaintiffs that their failure to file a response may result in a finding that their failure to file a response is an admission of the motion's merits, pursuant to Local Rule 7.1(g). Neither Plaintiff has filed a response to Defendants' Motion.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(g). In this case, neither Plaintiff has filed a response to Defendants' Motion for Summary Judgment, although they were properly notified of their responsibility to do so, and were given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Based on the evidence submitted by Defendants in support of their Motion for Summary Judgment, it is recommended that the Court find Plaintiffs did not exhaust their administrative

remedies prior to filing suit. As evidenced by Defendants, neither Plaintiff Jones nor Plaintiff Cowans appealed a grievance to the ARB as of June 18, 2014. In fact, there are no grievances or appeals on file with the ARB for either of the Plaintiffs in this lawsuit. Further, Plaintiff Jones has provided, by way of an answer to an interrogatory, that he did not file any grievances concerning the conduct at issue in this suit. Plaintiff Jones indicated he was relying on another individual's grievances to exhaust his administrative remedies. As that individual is not a party to this suit, it is insufficient to establish exhaustion. Plaintiffs have provided no evidence to dispute Defendants' evidence and assertions in their Motion. Accordingly, there is no evidence to show that Plaintiffs ever exhausted, or attempted to exhaust, their administrative remedies prior to filing this suit.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants Forest Campbell, Jerry Johnson, and Allan Martin (Doc. 46) be **GRANTED**; that the Court **FIND** Plaintiffs did not exhaust their administrative remedies prior to filing suit; that the action be **DISMISSED**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

DATED: **December 19, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**