IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE JONES and ANDRE COWANS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ALLEN MARTIN, SGT. CAMPBELL, ) <br> and SGT. JOHNSON, ) <br> ) <br> Defendants. ) | Case No. 13-CV-919-NJR-DGW |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 52), which recommends that this Court grant Defendants' motion for summary judgment based on exhaustion (Doc. 46). The Report and Recommendation was entered on December 19, 2014. No objections have been filed.

Plaintiffs Shane Jones and Andre Cowans filed this case on September 6, 2013, asserting that they were subjected to unconstitutional conditions of confinement while they were incarcerated at the Shawnee Correctional Center. The following claims survived threshold review: (1) Plaintiffs' Eighth Amendment claim against Defendant Campbell for subjecting Plaintiffs to excessively hot conditions in their segregation cells, which had no cold water and a broken window; (2) Plaintiffs' Eighth Amendment claim against Defendant Johnson for denying Plaintiffs access to water during extremely hot conditions on the recreation yard, and for subjecting them to excessively hot conditions

Page 1 of 4

in their segregation cells while refusing to provide them with ice; and (3) Plaintiff Jones's Eighth Amendment claims against Defendant Johnson for denying Plaintiff Jones access to toilet facilities on August 31, 2013 (*See* Doc. 30, p. 3).[1]

On August 22, 2014, Defendants Forest Campbell, Jerry Johnson, and Allen Martin filed a motion for summary judgment on the basis that Plaintiffs failed to exhaust their administrative remedies before bringing suit (Doc. 46). Defendants rely on the affidavits of Leslie McCarty and Sherry Benton, chairpersons of the Administrative Review Board ("ARB"), to assert that the ARB did not receive any grievances or appeals from either Plaintiff Jones or Plaintiff Cowans regarding any issue as of June 18, 2014. Plaintiffs failed to respond to the motion for summary judgment. Due to Plaintiffs' failure to submit any response, Magistrate Judge Wilkerson extended the response deadline, *sua sponte*, to December 1, 2014 (Plaintiffs' original response deadline was September 25, 2014) (Doc. 49). A response was never filed. Because Plaintiffs never contested the issue of exhaustion, Magistrate Judge Wilkerson canceled the *Pavey* hearing that was scheduled for December 17, 2014 (Doc. 50).

On December 19, 2014, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 52). The Report and Recommendation accurately states the nature of the evidence presented on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of

---

[1] Because Plaintiffs are seeking injunctive relief, the Court kept Defendant Warden Allen Martin in the case for that purpose only.

the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Based on the evidence submitted by Defendants in support of their motion for summary judgment, it appears that neither Plaintiff Jones nor Plaintiff Cowans exhausted his administrative remedies. Although Plaintiff Jones indicated in his answers to interrogatories that he was relying on another individual's grievances to exhaust his administrative remedies, this is not sufficient here. Further, Plaintiffs have provided no evidence to dispute the evidence and assertions set forth in Defendants' motion for summary judgment, despite being warned on two occasions that their failure to file a response to the motion for summary judgment may be considered an admission

of the merits. Because it is apparent to the Court that Plaintiffs did not fully exhaust their administrative remedies prior to filing suit, their claims against Defendants Johnson, Campbell and Martin must be dismissed.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 52) and **GRANTS** Defendants' motion for summary judgment (Doc. 46). Plaintiffs' claims against Defendants Johnson, Campbell and Martin are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:   January 13, 2015**

                                                s/ Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**